IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------- :
JOHN NICHOLS, :
: CASE NO.  1:03 CV 0565
Petitioner, :
:
-vs- : ORDER ADOPTING REPORT AND
: RECOMMENDATION AND
MARGARET BRADSHAW, WARDEN, : DISMISSING HABEAS PETITION
:
Respondent :
------------------------------------------------------- :


UNITED STATES DISTRICT JUDGE LESLEY WELLS

Before this Court is John Nichols' petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254.  (Doc. #1).  This case was automatically referred to United States Magistrate Judge James S. Gallas for a Report and Recommendation (hereinafter "R&R").  (Doc. #16). On 18 August 2003, Respondent filed an "Answer/Return of Writ" in response to Mr. Nichols' petition.  Considering the petition and Respondent's "Answer/Return of Writ," (Doc. #1, #12), Magistrate Judge Gallas filed his R&R on 22 September 2005 recommending the petition be dismissed as time-barred pursuant to 28 U.S.C. § 2254(d)'s one-year statute of limitations, and, even if the petition were not time-barred, recommending the claims be dismissed for failing to set forth sufficient facts to establish equitable tolling.  (Doc. #16).  Petitioner then filed timely objections to the R&R.  (Doc. #17).

Under Fed.R.Civ.P. 72(b) and 28 U.S.C. § 636(b)(1)(C), this Court reviews *de novo* the portion of the Magistrate Judge's R&R to which specific objection was made. Upon review, this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In his objections to the Magistrate Judge's R&R, Mr. Nichols sets forth no clear arguments as to why his petition should not be time-barred. Mr. Nichols simply recounts facts from the record that could support an argument of extreme emotional distress as a mitigating circumstance for his criminal acts. (Doc. #17). Mr. Nichols makes only one reference which the Court may construe as an argument against tolling his petition: That "I was not familiar with the Justice System." (Doc. #17). This assertion is insufficient to effect the statute of limitations in Mr. Nichols' favor. See Cobas v. Burgess 306 F.3d 441, 444 (6th Cir. 2002), cert. denied, 538 U.S. 984 (2003) (stating inmate's lack of legal training does not furnish the court reason to toll the statute of limitations). Additionally, Mr. Nichols failed to assert any arguments to support and establish equitable tolling, and thus, this defense is deemed waived. See Scott v. Collins, 286 F.3d 923, 927 (6th Cir. 2002).[1]

---

[1] Under Fed.R.Civ.P. 8(c), "a party shall set forth. . . statute of limitations . . . and any other matter constituting an avoidance or affirmative defense. The Sixth Circuit stated in Haskell v. Washington Township that pursuant to Rule 8(c), an affirmative defense based on the statute of limitations is waived if a party fails to raise the defense in the first responsive pleading. See Haskell v. Washington Township, 864 F.2d 1266, 1273 (6th Cir. 1988); see also Phelps v. McClellan, 30 F.3d 658, 663 (6th Cir. 1994) ("Generally, a failure to plead an affirmative defense, like the statute of limitations, results in the waiver of that defense and its exclusion from the case."); Carrington v. Robinson, 2001 WL 558232, at *4 (E.D. Mich. 2001) (explaining "the statute of limitations of the AEDPA is an affirmative defense").

Magistrate Judge Gallas correctly assessed Mr. Nichols' limitations period as having fully run and expired on October 20, 1998. (Doc. #16). Because Mr. Nichols' petition is time-barred and he makes no substantive objections to the contrary, this Court need not consider any lack of representation arguments.

After independently reviewing the relevant case law and the parties' arguments, this Court confirms the Magistrate Judge's well-reasoned conclusion that Mr. Nichols' petition is time-barred. Accordingly, Respondent's "Answer/Return of Writ" is granted and John Nichols' petition for a writ of habeas corpus is dismissed.

    IT IS SO ORDERED.

                                        /s/ Lesley Wells
                                        UNITED STATES DISTRICT JUDGE

Dated: 28 June 2006